**[PROPOSED] SURREPLY**

The crux of this case is that it is a continuation of the pattern and practice of Defendants, which conduct was set forth in the related case *Klayman v. Fox*, 1:18-cv-1579, and which has now been manifest in a new, meritless disciplinary proceeding meant solely to attempt to "pile on" to Mr. Klayman in an attempt to have him selectively prosecuted[1] and disbarred for his politics, public interest advocacy, free speech, and in retaliation for his gender. It has been alleged - and supported with detailed factual allegations – that each and every one of the Defendants worked together, in concert to bring and attempt to sustain clearly non-meritorious charges to unethically and illegally remove Mr. Klayman from the practice of law, even if it be accomplished through draining all of his time and resources by forcing him to defend these frivolous Complaints.

Office of Bar Disciplinary Counsel ("ODC") fraudulently induced a Board member to sign off on the Specification of Charges by intentionally withholding exculpatory information. When Mr. Klayman brought this to the attention of Defendant Esther Lim, President of the D.C. Bar and Robert Bernius, Chair of the Board of Professional Responsibility, each of them refused to take any remedial action, much less even conduct a basic internal investigation. This demonstrates a clear intent to condone and ratify the illegal and unconstitutional conduct set forth herein. Thus, Mr. Klayman was forced to file the instant complaint as he had no other adequate remedy at law, much less an internal ethics investigation by the Bar.

**I.   THE HONORABLE RONALD GOULD'S OPINION SHOWS THAT MR. KLAYMAN ACTED ETHICALLY**

---

[1] Although Mr. Klayman's Amended Complaint properly pleads the selective prosecution aspect of Defendants' misconduct, Mr. Klayman will move to amend in this regard should this Court require more specificity, including the fact that Defendants have refused to discipline, much less even investigate liberal and leftist attorneys Lanny Davis and David Kendall, while entertaining complaints against Kellyanne Conway and the Honorable Brett Kavanaugh.

Defendants disingenuously attempt to mischaracterize the factual findings of the Honorable Ronald Gould ("Judge Gould"). Nothing in Defendants' reply brief can alter the fact that Judge Gould make the <u>factual finding</u> that "Klayman properly disclosed the ongoing disciplinary proceeding in his initial application for pro hac vice admission, saying that the proceeding had not yet been resolved. **<u>This disclosure was accurate</u>**." *Bundy v. United States Dist. Court (In re Bundy),* 840 F.3d 1034, 1054 (9th Cir. Oct. 28, 2016). Whether Mr. Klayman accurately disclosed the ongoing disciplinary proceeding is a question of fact. Judge Gould's factual finding leaves no absolutely no room for interpretation. "**<u>This disclosure was accurate</u>**."

Defendants attempt to "muddy the waters" by inserting excerpts of Judge Gould's opinion where he demonstrates that he is taking all of the facts into consideration before making his finding. Judge Gould says that Mr. Klayman "may have come near the line of lack of candor" and may have been "selective in his disclosures," *id*., but Defendants conveniently omit the fact that Judge Gould made the determination that neither of these considerations warranted denial of Mr. Klayman's *pro hac vice* application, much more constituted an ethical violation. Indeed, at the end, Judge Gould still reasoned:

> I agree with Klayman that he was not obligated to re-litigate the D.C. proceeding before the district court and that he did not have to provide the district court with the entire record from D.C. <u>And if his disclosures were selective, still he is an advocate, an advocate representing defendant Cliven Bundy, and after submitting a compliant response to the questions in the pro hac vice application</u>, <u>he had no greater duty to disclose any possible blemish on his career or reputation beyond responding to the district court's further direct requests</u>. *Id*. at 1055 (emphasis added). Comp. ¶ 34.

Indeed, the fact that Judge Gould obviously weighed the possibility that Mr. Klayman "may have come near the line of lack of candor" and still felt strongly that Mr. Klayman should be admitted *pro hac vice* and thus supports Mr. Klayman's application based on the facts and the

law. By concluding that Mr. Klayman should have been admitted, Judge Gould necessarily makes the finding that no ethical violations occurred. Reasoning otherwise would make no sense – no jurist would conclude that an attorney committed ethical violations yet strongly advocate for his admission *pro hac vice* in the very same opinion.

Tellingly, in a subsequent opinion, Judge Gould explicitly makes the finding that Mr. Klayman has not done anything to warrant disbarment, which is the penalty that Defendants have unethically, illegally, and unconstitutionally attempted to pursue:

> And I continue to believe that Bundy's needs for experienced defense counsel of his choosing are more important than the articulated concerns about Larry Klayman's ethics, **where he has not been disbarred or suspended by another bar association or proven to have engaged in unethical conduct that could justify disbarment.** *Bundy v. United States Dist. Court (In re Bundy)*, 852 F.3d 945, 953 (9th Cir. 2017) (emphasis added).

This factual finding, which was conveniently not included but instead intentionally omitted in Defendant's reply brief, emphatically shows that Judge Gould found that none of the conduct at issue could possibly justify disbarment. There is no room for interpretation here.

Lastly, Defendants attempt to disingenuously assert that no fraudulent concealment occurred because Judge Gould's opinions happened to be published. This assumes that the Board member signing off on the Specification of Charges would take the time to conduct extensive independent research outside of what is presented to him or her by ODC. This factual assertion has no place in the motion to dismiss stage, and is precisely why discovery is required in this case.

## II. THERE CAN BE NO IMMUNITY FOR SERIOUS CONSTITUTIONAL VIOLATIONS

Defendants' Reply fails to address the U.S. Court of Appeals for the Seventh Circuit's ("Seventh Circuit") landmark opinion in *Fields v. Wharrie*, 740 F.3d 1107 (7th Cir. 2014), which

3

held that even "absolute" prosecutorial/judicial immunity cannot withstand serious constitutional violations, such as procuring testimony that is known to be false. *Id*. at 1110. Tellingly, this is the exact same type of serious constitutional violation that is alleged in Mr. Klayman's Complaint.

Like *Fields*, the alleged misconduct herein occurred before trial, or in this bar disciplinary context, the ultimate hearing. Whereas the prosecutor in *Fields* was accused of fabricating evidence by knowingly procuring false testimony before Fields' arrest, the Individual Bar Counsel and the other Defendants are alleged to have intentionally withheld material information and evidence to fraudulently induce a member of the Board to sign off on the Bundy Complaint, which in this context is akin to an "arrest," if not fraudulently induced indictment. Comp. ¶ 103. Where the prosecutor in *Fields* knew that the testimony procured was false, and therefore there was no basis to arrest and prosecute Fields, who was later exonerated after spending seventeen years in prison, the Complaint here also alleges that the Individual Bar Counsel and the other Defendants are knowingly pursuing a frivolous complaint, the equivalent of a fraudulent indictment, if not arrest, against Mr. Klayman. As such, just as the Seventh Circuit found that there can be no absolute prosecutorial immunity, much less even qualified immunity, for this type of misconduct, this Court must also step in to inform Defendants that they do not hold a "license to lawless conduct." *Id*.

Where there cannot be a grant of absolute immunity, there certainly can not be a grant of qualified immunity. 42 U.S.C. § 1983 expressly grants a cause of action for violations of constitutional rights. It is well established that any qualified immunity defense can only be asserted where the government official's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is abundantly clear that a violation of well established constitutional

rights - namely the First Amendment and Fourteenth Amendment – are those that a reasonable person would have known, and as pled herein by Mr. Klayman, precludes any such qualified immunity defense.

### III.   DEFENDANTS MISSTATE THE LAW

In arguing that Defendant Lim and Defendant DC Bar should be dismissed for a purported lack of supervisory authority over Defendant ODC, Defendants assert *Ford v. Tait*, 163 F. Supp. 2d 57, 67 (D.D.C. 2001) as "dismissing substantially similar complaint against the D.C. Bar[2]." What Defendants withhold is the fact that *Ford* does not dismiss the D.C. Bar as a Defendant based on its purported lack of supervisory authority. The legal analysis in *Ford* is limited to an application of the *Younger* abstention doctrine, which Defendants do not discuss in their reply, but which is in any event inapplicable for the reasons set forth in Mr. Klayman's opposition. The *Ford* Court expressly writes, "Accordingly, the court dismisses the action on *Younger* equitable-restraint grounds. The court therefore need not reach the merits of the defendants' motion to dismiss for failure to state a claim on which relief may be granted, their judicial-immunity argument, or their assertion that the court lacks jurisdiction under the *Rooker-Feldman* doctrine." *Id*. at 67. As such, Defendants' reliance on *Ford* for their assertion that the D.C. Bar and Lim should be dismissed for a purported lack of supervisory authority is misleading and misplaced.

Indeed, nothing in Defendants' reply changes the fact that the attorneys employed at Defendant ODC are licensed to practice in the District of Columbia, and are therefore subject to

---

[2] It is not even certain that the D.C. Bar was a party to this litigation, as the introduction to the opinion lists the Defendants as "Bar Counsel Joyce Peters, Assistant Bar Counsel Traci Tait, and Executive Attorney for the Board of Professional Responsibility Elizabeth Branda." *Ford v. Tait* 163 F. Supp. 2d 57, 58 (D.D.C. 2001). The only mention of the D.C. Bar as a Defendant is in section II(A), where it is mentioned in passing.

the same rules of professional responsibility – which are listed on the D.C. Bar's website – that every other District of Columbia attorney is subject to. When ODC attorneys violate these rules, they must be subject to the same consequences. They are not above the ethics and the law.

### IV.    MR. KLAYMAN CONSENTS TO CONSOLIDATION

As set forth in Mr. Klayman's brief in opposition, Defendants' argument that this Complaint should be dismissed due to "claim splitting" is without any merit. However, in the interest of judicial economy and allowing these matters to proceed as quickly as possible, in addition to mooting this non-issue, as the events of this Lim et. al complaint arose after the Fox et. al prior complaint, Mr. Klayman consents to consolidation of this case with *Klayman v. Fox*.

Dated: January 4, 2019                                    Respectfully submitted,

                                                          */s/ Larry Klayman*
                                                          Larry Klayman, Esq.
                                                          KLAYMAN LAW GROUP, P.A.
                                                          2020 Pennsylvania Ave N.W. #800
                                                          Washington, D.C. 20006
                                                          Tel: (561) 558-5336
                                                          Email: leklayman@gmail.com
                                                          *Pro se*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on January 4, 2019.

                                                          */s/ Larry Klayman*
                                                          Attorney