# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LARRY KLAYMAN,

    *Plaintiff*,

v.

ESTHER LIM, *et al.*,

    *Defendants.*

Civil Action No. 18-2209 (RDM)

## MEMORANDUM OPINION

The matter is before the Court on Plaintiff Larry Klayman's motion for reconsideration of the Court's order dismissing the complaint and motion for recusal or disqualification. Dkt. 25. Having reviewed Plaintiff's motion for reconsideration, *id.*, Defendants opposition, Dkt. 26, and Plaintiff's reply, Dkt. 27, the Court concludes that Plaintiff's motion merely rehashes his prior arguments. The Court will, accordingly, deny the motion for the same reasons set forth in the Court's June 5, 2019 Memorandum Opinion, Dkt. 22. To the extent that Plaintiff seeks to bring the Court's attention additional examples of alleged misconduct by the Office of Disciplinary Counsel ("ODC"), *see* Dkt. 27 at 1–2 (referring the Court to a "whistleblower report"); Dkt. 27-1 (Ex. 1) ("Whistleblower Report"), that information is irrelevant for present purposes. The Court dismissed Plaintiff's complaint based on the legal insufficiency of the allegations contained in the complaint. Plaintiff cannot supplement those allegations by attaching an exhibit to a motion for reconsideration.

The Court will also deny Plaintiff's motion for recusal or disqualification pursuant to 28 U.S.C. §§ 144 and 455. Under 28 U.S.C. § 144, a litigant must submit an affidavit stating "the facts and the reasons for his belief that bias or prejudice exists . . . not less than ten days before

the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such a time." *Id.* Similarly, although 28 U.S.C. § 455(a) "contains no express timeliness provision, most circuits considering the matter have concluded that a litigant must raise the disqualification issue within a reasonable time after the grounds for it are known." *United States v. Barrett*, 111 F.3d 947, 951 (D.C. Cir.1997) (citations omitted). Plaintiff did not seek recusal or disqualification in this case until after the Court had granted Defendants' motion to dismiss. Absent some intervening development, that is too late. *See SEC v. Loving Spirit Found. Inc.*, 392 F.3d 486, 492 (D.C. Cir. 2004) ("Crucial to the integrity of the judicial process, the timeliness requirement ensures that a party may not wait and decide whether to file based on 'whether he likes subsequent treatment that he receives.'" (quoting *In re United Shoe Mach. Corp.*, 276 F.2d 77, 79 (1st Cir. 1960))); *see also Klayman v. Judicial Watch, Inc.*, 278 F. Supp. 3d 252, 258 (D.D.C. 2017) ("[M]ere dissatisfy action with a ruling of this Court is insufficient to warrant recusal or disqualification."). Here, the only new fact that Plaintiff identifies is the Court's decision dismissing the complaint. His disagreement with that decision does not warrant recusal.

In any event, Plaintiff's motion also fails on the merits for the reasons set forth in the Court's opinion denying Plaintiff's motion for recusal in *Klayman v. Fox*, No. 18-1579 (D.D.C.) (ECF 5). In short, "[t]he fact of past political activity alone will rarely require recusal." *Higganbotham v. Oklahoma ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003). That is because judges "separate themselves from politics when going on the bench." *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 138 F.3d 33, 38 (2d Cir. 1998). Recusal in a case such as this would not only be unwarranted but would foster the erroneous—and corrosive—perception that judicial decisions are based on politics, rather than the relevant law and facts. Plaintiff's only

new argument in this case is that the Court is clearly biased because "Judge Moss dismissed [the complaint] without prejudice," thus revealing that "[he] knew that his order was wrong." Dkt. 25 at 3–4. The Court does not follow the logic of that contention. It may be that Plaintiff would face substantial—and, perhaps, insurmountable—hurdles in attempting to file an amended complaint that would overcome the deficiencies the Court identified in his original complaint. But providing him with the opportunity to try to do so hardly reflects judicial bias.

For the reasons stated above, the Court will **DENY** Plaintiff's motion for reconsideration and for recusal or disqualification, Dkt. 25.[1] Because Plaintiff has indicated that he does not intend to file an amended complaint, *see id.* at 6, the Court will now enter final judgment.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 8, 2019

---

[1] The Court will also **DENY** Plaintiff's "Renewed Motion for Oral Argument," Dkt. 28, on the ground that oral argument would not assist in the resolution of the Plaintiff's motions.